IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DEONTE VONDELL SPICER,**

    Plaintiff,

v.

                      **CIVIL ACTION NO. 2:17-CV-122**
                        **(BAILEY)**

**LIEUTENANT RIFFLE,** Special
Housing Unit Lieutenant; **OFFICER
M. BLEDSOE,** Special Housing Unit
Officer; **M. LISTEN,** Special Housing
Unit Officer; **OFFICER K. PEARCE,**
Special Housing Unit Officer; **D.
HARVISCHAK,** Special Housing Unit
Officer; and **C. MEYER,** Nurse/P.A.,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 97]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 22, 2019, wherein he recommends the plaintiff's Complaint be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket indicates the plaintiff accepted service on January 28, 2019 [Doc. 100]. Plaintiff timely filed his Objections [Doc. 102] on February 12, 2019. Accordingly, this Court will review the portions of the R&R to which plaintiff objects under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

## Discussion

Plaintiff's first allegation is that in late 2015 or early 2016, he was put in full body restraints and beaten and tortured by Defendant Riffle for complaining about staff misconduct [Doc. 1 at 7]. Plaintiff alleges that he was denied medical attention by Defendent Meyer following the beating [*Id.* at 8]. In addition, Plaintiff alleges that on June 24, 2016, he and his cell mate were taken out of their cell so that Plaintiff could speak to the Special Investigative Agent ("SIA") about staff misconduct [*Id.*]. Plaintiff contends that Defendants Bledsoe, Harvischak, Liston and Pearce then entered his cell and "flushed all records" he was using as evidence against staff misconduct [*Id.*]. Plaintiff also alleges that Defendant Bledsoe put a razor in his cell in order to have his cell mate kill him for going to SIA [*Id.*]. Although Plaintiff did not allege this in his Complaint, the grievances also allege

2

that Defendant Bledsoe called him a rat and a snitch. Finally, in addition to alleging that Defendant Meyer denied him medical attention following the alleged beating, Plaintiff also asserts that Defendant Meyer refused to provide him his "mental medication." For the reasons stated below, this Court adopts the Report and Recommendation given by Magistrate Judge Mazzone.

I.   **Christopher Meyer**

Plaintiff's first objection is that he "should be held to less stringent standards tha[n] those drawn by legal counsel who knew" that Plaintiff should file a complaint under 42 U.S.C. § 233(a) [Doc. 102]. Defendant Christopher Meyer is employed by the Federal Bureau of Prisons as a Physician's Assistant at FCI Hazelton where he has held that position since February 28, 2011 [Doc. 97]. Defendant Meyer has been a Commissioned Officer in the United States Public Health Service ("PHS") since August 3, 2012 [*Id.*]. Title 42 U.S.C. § 223(a) makes the Federal Tort Claims Act ("FTCA") the exclusive civil remedy against members of the PHS. Specifically, it protects employees of the PHS from liability for any "personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions" by requiring that lawsuits be brought against the United States instead. Congress made proceedings under the FTCA as the sole avenue for relief against any PHS employee for injuries resulting from the employee's performance of medical functions within the scope of employment. *See Hui v. Castaneda*, 599 U.S. 799, 802 (2001) (holding specifically that immunity provided by § 233(a) precludes a *Bivens* action against individual PHS employees for harms arising out of constitutional violations committed while acting within the scope of employment).

3

Because Defendant Meyer is an employee of the PHS, he has absolute immunity from personal liability and all claims arising from the Plaintiff's medical treatment or investigation related to medical treatment. Therefore, Defendant Meyer must be dismissed as a defendant in this action.

## II. Exhaustion of Administrative Grievances

Plaintiff's second objection is that the staff's "unethical misconducts directly and proximately caused some failures and some successes of exhaustion of administrative grievances" [Doc. 102]. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory and all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Mandatory exhaustion of available administrative grievances may be excused when defendant's actions render the grievance procedure unavailable. See *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004). To exhaust all available administrative remedies, an inmate must first request an informal resolution by presenting an issue of concern informally to a staff member. 28 U.S.C. § 542.13(a). If the informal resolution fails, or if an inmate is dissatisfied with the response, or if there is no response, the inmate may then submit a Request for Administrative Remedy in the form of a formal written complaint to the Warden. 28 C.F.R. § 542.14(a). If the inmate's request is denied, or if an inmate is dissatisfied with the response, or if there is no response, the inmate may file an appeal with the appropriate Regional Office. 28 C.F.R. §§ 542.18; 542.15(a). If the

4

Regional Office denies relief, the inmate completes the administrative remedy process by appealing the decision to the Office of General Counsel in Washington, D.C. *Id.* The inmate has not fully exhausted his administrative remedies until the request has been filed and acted upon at all the required agency levels. *Id.*

The administrative remedies provided by Plaintiff clearly establish that Plaintiff did not exhaust his administrative grievances with respect to his allegations that Defendant Riffle beat and tortured him. Plaintiff did file a grievance at the facility level complaining of the assault by Defendant Riffle and at the Regional Office. [Doc. 59-7 p. 6, Remedy ID 815619-F1 & 815619-R1]. However, Plaintiff never filed an appeal to the central office, which is the last step to complete the exhaustion of administrative remedies. Plaintiff does not allege that he was unable to use the grievance procedure available at FCC Hazelton. Because Plaintiff failed to exhaust the administrative remedies and did not allege any fact that he was unable to fully use the grievance procedure available, Plaintiff's claim against Defendant Riffle is dismissed.

### III.  Destruction of Papers

Plaintiff's third objection is that this Court should not decide which party is telling the truth or compare the strength of evidence both sides permitted [Doc. 102]. Plaintiff argues that there is a genuine issue of material fact because of the specific facts provided in the witnesses' affidavits [*Id.*]. The United States Constitution "requires no more than reasonable access to the courts." ***Konigberg v. LeFevre***, 267 F.Supp.2d 255, 261 (N.D.N.Y. 2003). When a prisoner asserts a denial of access to courts, the prisoner must satisfy the constitutional standing requirement by alleging an actual injury. ***Lewis***

*v. Casey,* 518 U.S. 343, 349 (1996). The prisoner must show that the prison officials "hindered [the prisoner's] efforts to pursue a nonfrivolous claim." *Id.* at 354.

Here, Plaintiff fails to allege any facts that indicate his litigation efforts were hindered due to the destruction of his legal papers. Even if Plaintiff's Opposition to the Magistrate Judge's R&R alleged facts establishing that his litigation efforts were hindered by the Defendants, there are no allegations that show he suffered any actual injury. Thus, the destruction of papers claim is dismissed.

## IV.    Snitch Label

Plaintiff's fourth objection is that the snitch label he alleges the Defendant's labeled him as is what prevented Plaintiff from filing complaints at all levels to exhaust his remedy options. [Doc. 102]. Prisoners who allege a deliberate indifference under the Eighth Amendment arising from failure to protect must satisfy two components: an objective component and a subjective component. "First, the deprivation alleged must be objectively, 'sufficiently serious,'" (objective component) and second, "a prison official must have a 'sufficiently culpable state of mind'" (subjective component). *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the objective component, the prisoner must show that "he is incarcerated under conditions posing a **substantial risk of serious harm.**" *Id.* (emphasis added). To satisfy the subjective component, a prisoner must show that a prison official acted with "deliberate indifference," which entails "something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 834–35. Deliberate indifference "requires that a prison official actually know of and

disregard an objectively serious condition, medical need, or **risk of harm.**" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (emphasis added).

In his objections, Plaintiff does not allege that he was faced with a substantial risk of serious harm or allege facts that a prison official actually knew of and disregarded a risk of harm to Plaintiff. Even if Plaintiff alleged that he feared for his safety, Plaintiff was transferred from Hazelton thirty (30) days after he was allegedly labeled a snitch by Defendant Bledsoe. Because Plaintiff no longer has a risk of injury, Plaintiff's allegations with respect to Defendant Bledsoe are dismissed.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 97]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 58]** be **GRANTED**, and that plaintiff's Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE** against C. Meyer because he has absolute immunity as a Commissioned Officer in the United States Public Health Service and against M. Bledsoe, M. Listen, K. Pearce, and D. Harvischak for failure to state a claim upon which relief can be granted. In addition, the plaintiff's Complaint **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE** against Lt. Riffle for failure to exhaust administrative grievances. Further, the Plaintiff's Request for Production of Documents **[Doc. 95]** and Motion for Summary Judgment **[Doc. 99]** are **DENIED**. The plaintiff's Objections **[Doc. 102]** are **OVERRULED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the

7

defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** February **19**, 2019.

*/s/ John Preston Bailey*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE